UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: EDCV 11-00609-MMM (MAN)            Date: April 19, 2011

Title:    Jesse Lloyd Hall v. L.S. McEwan

==================================================================================

DOCKET ENTRY:    ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR LACK OF EXHAUSTION

==================================================================================

PRESENT:

           Hon. Margaret A. Nagle, United States Magistrate Judge

| Earlene Carson | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| N/A | N/A |

**PROCEEDINGS (In Chambers):**

This action commenced on April 18, 2011, when Petitioner -- who is represented by counsel -- filed various documents in support of a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner did not utilize the Section 2254 habeas petition form approved for use in this district, in violation of Local Rule 83-16.2 and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. The format of the documents he submitted makes it difficult to ascertain the specific habeas claims he seeks to raise in this action. Based on the arguments set forth in his Memorandum of Points and Authorities ("Pet. Mem."), it appears that Petitioner raises five separate habeas claims as follows:

Ground One:      A claim based on Petitioner's asserted "actual innocence" and due process right to have his convictions vacated and dismissed based on such innocence (Pet. Mem. at 20-22);

Ground Two:      A claim based on asserted "newly discovered evidence" and alleging various types of prosecutorial misconduct (Pet. Mem. at 22-34);

Ground Three:     A claim alleging ineffective assistance of counsel, based on trial counsel's asserted abandonment of the case and failure to present a defense, investigate the case, and call critical witnesses (Pet. Mem. at 34-46);

Ground Four:      A claim that Petitioner was denied his right to testify, and thus to present a defense, in violation of the Fifth, Sixth, and Fourteenth Amendments (Pet. Mem. at 46-48); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 11-609-MMM (MAN)                                                                     Date: April 19, 2011

Ground Five:       Another claim alleging ineffective assistance of counsel, based on trial counsel's "concession" of Petitioner's guilt (Pet. Mem. at 48-58.)

Based on the allegations of the Petition documents and the Court's review of the exhibits submitted with the Petition, only Ground Five appears to have been exhausted, because it was raised in Petitioner's direct appeal.[1] Petitioner alleges that he has pursued habeas relief in the trial court, California Court of Appeal, and California Supreme Court, but he does not identify the claims he raised in those state habeas proceedings and has not provided copies of his state habeas petitions.  Moreover, and critically, while he alleges that the trial court and California Court of Appeal rendered decisions on his state habeas petitions, he does not allege that the California Supreme Court has done so.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the electronically available dockets for the California Supreme Court, which show that Petitioner's habeas petition (Case No. S187353) was filed on October 18, 2010, and remains pending.

Thus, even assuming that Petitioner fairly presented Grounds One through Four to the California Supreme Court through his pending habeas petition, these four claims are unexhausted at present, because the state high court has not yet resolved them.  Accordingly, the Petition is "mixed" and subject to dismissal on that basis.[2]  However, when a petition is "mixed," the petitioner must be given the opportunity to dismiss the action without prejudice *or* to amend the petition to delete the unexhausted claims and proceed only with the exhausted claims.  Rose, 455 U.S. at 510, 102 S. Ct. at 1199 (the district court must give a petitioner "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims"); *see also* James

---

[1]  The exhibits show that the claim was raised before the California Court of Appeal during Petitioner's direct appeal.  However, Petitioner has not submitted a copy of the subsequent petition for review filed in his direct appeal proceedings.  Thus, while the Court has assumed that Petitioner also raised Ground Five in his petition for review, there is no evidence before the Court that this, in fact, occurred.

[2]  Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).  A Section 2254 habeas petition that contains both exhausted and unexhausted claims is considered to be "mixed."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 11-609-MMM (MAN)                                                   Date: April 19, 2011

v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).  In addition, through two different procedures, a district court has the discretion to stay a "mixed" petition while the petitioner returns to state court to present his or her unexhausted claims.  See Rhines v. Weber, 544 U.S. 269, 275-77, 125 S. Ct. 1528, 1534-35 (2005) (addressing the requirements for a *Rhines* stay); and King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009) (confirming the continued viability of the Ninth Circuit's alternate *Kelly* stay procedure), cert. denied, 130 S. Ct. 214 (2009).

To avoid summary dismissal of his "mixed" Petition, Petitioner is required to elect one of the foregoing options, *viz.*, requesting dismissal of the case without prejudice, requesting dismissal of the unexhausted claims and proceeding on the exhausted claim, or seeking a *Rhines* or *Kelly* stay.  This situation is complicated, however, by the fact that Petitioner's state high court petition is pending.  Should the California Supreme Court grant Petitioner habeas relief, this action could become moot.

Accordingly, Petitioner must promptly respond to this Order and show cause why this case should not be dismissed for lack of exhaustion.  If, in fact, Ground Five is exhausted, Petitioner must supply proof of such exhaustion with his Response.[3]  If Ground Five is exhausted and the Petition thus is "mixed," to avoid dismissal, Petitioner must elect one of the following four options

    Option One:  Petitioner may allow the Petition to be dismissed without prejudice on the basis that it is mixed and continue to exhaust Grounds One through Four in the California Supreme Court.  Under this option, once the state exhaustion process is complete, Petitioner would have to file a *new* and fully-exhausted federal habeas petition containing all his exhausted claims.  Petitioner is cautioned that any such new federal habeas petition he might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and likely would be untimely.  If Petitioner chooses Option One, he must, on or before the date set forth below, file and serve a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

    Option Two:  Petitioner may dismiss unexhausted Grounds One through Four and proceed only on his remaining exhausted claims in the Petition (*i.e.,* Ground Five).  Petitioner is cautioned that, if the Petition is resolved on its merits before Petitioner exhausts Grounds One through Four and he attempts to raise the claims in this Court through a second federal habeas petition, any such subsequent filing may be procedurally barred as a second or successive petition pursuant to 28 U.S.C. § 2244(b).  Should Petitioner choose Option Two, he must, on or before the date set forth below, file and serve a document entitled Notice of Voluntary Dismissal of Grounds One through Four, in which he clearly states he is voluntarily dismissing these four claims, without prejudice, on the basis that the claims are unexhausted.

---

    [3]    If Ground Five was not fairly presented to the California Supreme Court in Petitioner's petition for review, the Petition is fully unexhausted and must be summarily dismissed.  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (the stay and abeyance procedure is not available when a petition is fully unexhausted).

MINUTES FORM 11                                                                          Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 11-609-MMM (MAN)                                                    Date: April 19, 2011

Option Three:  Petitioner may request a *Rhines* stay by filing, by no later than the date set forth below, a Response that: (1) requests a *Rhines* stay of the Petition; (2) establishes that Petitioner had good cause for his failure to exhaust Grounds One through Four before proceeding to federal court; and (3) establishes, consistently with the showing required under Rhines, *supra*, why this Court should exercise its discretion in favor of staying this action. **In addition, in his Response, Petitioner *must* indicate which of the prior two Options he elects should his request for a stay be denied**.

Option Four:  Petitioner may request a *Kelly* stay by filing, by no later than the date set forth below, a Response that:  (1) requests a *Kelly* stay of the Petition; (2) states that Petitioner wishes to exhaust Grounds One through Four in state court and to have these six claims dismissed from the Petition, without prejudice, if a *Kelly* stay is granted; and (3) establishes why Grounds One through Four, once exhausted, will be timely when he seeks to amend the Petition to add back the claims.[4]  **In addition, in his Response, Petitioner *must* indicate which of the first two Options he elects should his request for a stay be denied**.[5]

**Petitioner is cautioned that a failure to respond to this Order by the date set forth below will be deemed to constitute an exercise of Option One, and the Court will forward the case to the District Judge with a recommendation that this action be dismissed without prejudice.**

Accordingly, IT IS ORDERED that **by no later than May 6, 2011**, Petitioner must file a Response to this Order. If Petitioner wishes to elect Option One, he may comply with this Order by simply filing a Notice of Dismissal, pursuant to Rule 41(a)(1)(a) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

---

[4]  "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct. 2562, 2569 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664, 125 S. Ct. at 2574.  Claims being added to a habeas petition through amendment do not relate back "simply because [they arise] from the same trial, conviction, or sentence." King, 564 F.3d at 1141 (citation and quotation marks omitted).

[5]  If Petitioner intends to seek a stay of this case, he may combine Options Three and Four by filing a Response in which he argues why he is entitled to a *Rhines* stay or, in the alternative, a *Kelly* stay.

MINUTES FORM 11                                                                                           Initials of Deputy Clerk __efc___
CIVIL - GEN